## Otto Kramer, Plff. in Err., *v.* Samuel W. Read.

Where the defendant's testimony has been so vague that the trial judge has not been able to understand it, there was no error in refusing to affirm a point predicated upon facts alleged to have been stated in such testimony.

(Argued January 17, 1888. Decided February 6, 1888.)

July Term, 1887, No. 124, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Error to the Common Pleas No. 2 of Philadelphia County to review a judgment in favor of the plaintiff in an action of assumpsit. Affirmed.

This action was brought by Samuel W. Read against Otto Kramer, to recover the balance of purchase money of a house.

The facts as they appeared at the trial before FELL, J., were as follows:

Charles Weiler held a note of Vanuxem, Wharton & Company, for $500 given him for wages. Kramer discounted this note for Weiler and subsequently Vanuxem, Wharton & Company failed.

Kramer then applied to Weiler to secure him and Weiler agreed to sell to him a house over which he had control. This house was in the name of Samuel W. Read, who was trustee for Weiler's wife. The purchase money agreed upon was $7,500. It was agreed that there was to be an allowance for repairs of $70 according to the plaintiff's statement, but of $157 according to the defendant. At the coveyancer's office a statement was made out between Read and Kramer, the last item of which was: "Balance due Read $935.37;" of this balance $300 was subsequently paid, and for the remainder this suit was brought. Kramer succeeded in collecting the full amount of the note. The defendant claimed that his agreement with Weiler was that this note should be retained by himself; and if he succeeded in collecting it, he should not have to account to Weiler or Read for the proceeds. The defendant's whole testimony as given in the paper book was as follows:

"Weiler said, "Go to an architect and make an estimate,' and this was $157 and over. 'You buy the house for $7,500, you keep the note.' The $500 which Weiler owed me was to make up part of the $935, and then I was to have the note."

The defendant presented this point:

"If the jury believe the defendant's story, *viz.,* that the plaintiff agreed to pay the costs of the repairs, and that the cost was $157, and the defendant was to have the Vanuxem note as part of the consideration to him in the transaction, their verdict should be for the defendant."

*Ans.* Refused.

The court in the charge said, in speaking of defendant's testimony: "I cannot say that I understand it at all."

The verdict and judgment were for plaintiff, for $515.57.

The assignment of error specified the refusal of defendant's point as above.

*Leoni Melick,* for plaintiff in error.—If a point be submitted, based upon a hypothesis supported by actual testimony in the cause, the party has a clear right to a definite instruction thereon. Allegheny Valley R. Co. v. Steele, 11 W. N. C. 113; Pennsylvania R. Co. v. Zebe, 33 Pa. 323.

Although the testimony of a witness be vague, it cannot be withdrawn from the jury. Norton v. Breitenbach, 1 Pearson (Pa.) 467.

*Edward F. Hoffman,* for defendant in error.—Where a proper answer to a point presented would be negative, the plaintiff in error cannot complain of the refusal or neglect of the court below to answer the point. Winsor v. Maddock, 64 Pa. 235.

PER CURIAM:
The judgment in this case is affirmed.